IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SADAM KHALIF ALI,

                        Petitioner,

      v.

TODD BLANCHE, MARKWAYNE MULLIN,
DAVID J. VENTURELLA, TAMMY MARICH,
DAREN K. MARGOLIN, MATTHEW IZZARD,
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,
U.S. DEPARTMENT OF HOMELAND SECURITY, and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

                    Respondents.[1]

OPINION and ORDER

26-cv-221-jdp

---

Petitioner Sadam Khalif Ali is a citizen of Somalia. Ali entered the United States without permission on October 30, 2024. Dkt. 1, at 12. Soon after, border patrol agents encountered Ali about 20 miles west of Calexico, California, and they arrested him. *Id.* at 36–37.[2] Ali was initially placed in expedited removal proceedings. *See id.* at 1–2. But in March 2025 Ali indicated that he intended to apply for asylum, and he was transferred into asylum proceedings. *See id.* at 2, 42–43. An immigration judge denied Ali's asylum application and ordered that Ali be removed. *See id.* at 2, 6; Dkt. 10, at 2. Ali appealed the immigration judge's decision in August 2025, and his appeal remains pending. Dkt. 1, at 6. He is currently detained at the Douglas County jail in Superior, Wisconsin.

---

[1] The court has amended the caption to reflect the successors of Pamela Bondi, Kristi Noem, Todd M. Lyons, Samuel Olsen, and Sirce Owen. *See* Fed. R. Civ. P. 25(d).

[2] Citations to filings from the docket use the page numbers assigned by the court's electronic filing system, not the page numbers in the original document.

Ali has applied for a writ of habeas corpus under 28 U.S.C. § 2241, contending that federal respondents are violating 8 U.S.C. § 1226(a) and the Due Process Clause by detaining him without providing a bond hearing.

The statutory analysis is straightforward. Ali was in the United States when he was detained by border patrol agents. But he was detained shortly after entering the country unlawfully, so he "cannot be said to have 'effected an entry'" or to have resided here. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (citation omitted). Ali is therefore subject to § 1225, not § 1226. Under § 1225, asylum seekers must be "detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). This means that noncitizens must be detained until their asylum proceedings are complete. *Jennings v. Rodriguez*, 583 U.S. 281, 297, 302 (2018). Ali's appeal of the immigration judge's decision is ongoing, so his continued detention is mandatory under § 1225(b)(1)(B)(ii).

The due process analysis is much less straightforward. Courts are divided on whether a noncitizen's detention during asylum proceedings raises due process concerns. *Compare, e.g.*, *Demir v. Noem*, No. 2:26-cv-86, 2026 WL 706485, at *7–8 (S.D. Ind. Mar. 13, 2026) (Olson, J.) ("Respondents do not have to justify mandatory detention on a case-by-case basis."), *with Leonteva v. Noem*, No. 4:26-cv-43, 2026 WL 851289, at *1–3 (S.D. Ind. Mar. 27, 2026) (Evans Barker, J.) (considering factors to determine whether continued detention without a bond hearing violates due process). But most courts who have considered the issue have held that indefinitely detaining a noncitizen under § 1225(b)(1)(B)(ii) violates due process. *Leonteva v. Noem*, No. 4:26-cv-43, 2026 WL 711766, at *5 (S.D. Ind. Mar. 13, 2026) (Evans Barker, J.) (collecting cases). And most courts balance case-specific factors to reach that conclusion. *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858 (D. Minn. 2019) (Schiltz, J.).

2

Regardless of the due process analysis, the circumstances here do not warrant relief. Ali has now been detained without a final order of removal for almost two years. Federal respondents do not explain the delay in resolving Ali's appeal, which has been pending since August 2025. This suggests that Ali's detention effectively has become indefinite. But Ali concedes that he is removable, an immigration judge has ordered him removed, and his application for asylum has been rejected. Ali has chosen to prolong his detention by appealing the immigration judge's adverse ruling, as is his right. But the court sees no basis to conclude that the government has inordinately delayed his proceedings such that his continued detention violates his right to due process.

The court will deny Ali's petition for a writ of habeas corpus.

ORDER

IT IS ORDERED that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Sadam Khalif Ali, Dkt. 1, is DENIED.

2. Ali's motion for a status conference, Dkt. 12, is DENIED as moot.

Entered July 28, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3